# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNION ELECTRIC COMPANY, d/b/a<br>AMERENUE, a Missouri Corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 00-4082-CV-C-WAK |
| JAMES E. DEVINE, | )<br>) | |
| Defendant. | ) | |

## JUDGMENT AND ORDER

On October 18, 2007, the court found defendant James E. Devine to be in contempt of the court's order of November 7, 2001. Thereafter, on November 14, 2007, an evidentiary hearing was held regarding the current status of the docks and property at issue, and to assist the court in determining the appropriate remedy. At the hearing, the court delineated the specific provisions of the consent decree previously found to have been violated.

After careful consideration, the court finds all four docks must be removed. The evidence shows defendant Devine had information readily available to him about the repairs or changes required to bring his docks into compliance with the consent decree and plaintiff's guidelines. His failure to comply cannot be attributed to a lack of information.

For a number of years, Devine has consistently failed to find out what he needed to do or how to properly do the things required. Instead, he has repeatedly done what he wanted to do, attempted to bypass the requirements or taken a half-hearted approach toward compliance with the guidelines. This is demonstrated, for example, by his approach to supplying electricity to the docks, his placement of electric poles in the Lake of the Ozarks (Lake) and the manner in which they were set.

The relevant regulations and guidelines directly affect safety in the Lake, safety at the docks, navigation in and around that area of the Lake, and pollution to the water and shoreline. Defendant's violations are not petty, minor or inconsequential things.

Defendant had approximately six years from the entry of the consent decree to make many of the required corrections, and there is no evidence he did so. Weather, environmental issues and time exacerbated some of the problems, and for a portion of the time, defendant had health problems. Nevertheless, Devine had approximately six months after plaintiff filed the motion for contempt on May 1, 2007, to correct the problems. If he was unable to adequately do the work himself, which he may have attempted to do, he still had an opportunity to hire someone to do it for him. There is no evidence he ever came close to bringing the docks, electrical issues or shoreline into a satisfactory condition prior to the court's order of October 18, 2007.

The court acknowledges Devine has spent money and effort on the docks, even after being advised his efforts might come to naught. For that reason, the court is giving defendant the opportunity to remove the docks himself.[1] If he does the work himself, he should be able to maintain some control of the costs and to salvage materials suitable for future use. It is also the court's hope he will be able to salvage enough durable materials to permit him to construct a nice, safe and appropriate dock meeting plaintiff's specifications and to apply for a new dock permit in the future.

However, given the long-term lack of compliance, plaintiff's request for removal of all four docks is reasonable. Thus, for the reasons set forth above, in previous orders and at the hearings, the court finds Devine has

(1) failed to comply with plaintiff Union Electric Company, d/b/a AmerenUE's, ("AmerenUE") guidelines regarding the use of the Lake of the Ozarks and the shoreline;

(2) created and maintained hazardous and unsafe conditions on the water, shoreline, and within the boundary of the Osage Project;

(3) acted in a manner inconsistent with others' use and enjoyment of the Lake and shoreline; and

(4) failed to take sufficient steps to correct the problems, despite sufficient time and warnings.

---

[1] Defendant indicated during the hearing that he had the ability to remove the docks.

The court further finds that AmerenUE is justified in withdrawing the dock permits issued to defendant Devine and that none of the four docks are in compliance with AmerenUE's regulations.

IT IS, THEREFORE, ORDERED:

(1) Within forty-five (45) days from the date of this Judgment and Order, Devine shall remove all docks and structures placed in the Lake and/or attached to the shoreline in the cove located at Lake mile 28.01 + 0.8, Section 21, Township 39 North, Range 16 West, Camden County, Missouri, including the four docks identified as Docks 1, 2, 3, and 4, as generally shown on Exhibit A attached to the Consent Judgment dated November 7, 2001. Devine must remove and properly dispose of all parts, sections, and pieces of said docks, and prevent all parts, debris, litter, foam, oil, or substances of any kind from being placed or deposited in the Lake or onto property belonging to AmerenUE or to any third party. Devine must comply with all local, state, and federal guidelines and requirements for the disposal and storage of all materials and substances.

(2) Within thirty (30) days of the date of this Judgment and Order, Devine shall disconnect and remove all electrical lines, wires, supporting structures, connections, and other appurtenances attached in any way to his docks and the shoreline.

(3) Within thirty (30) days of the date of this Judgment and Order, Devine shall remove the concrete pier located in the Lake which was used as part of his dock anchoring system and to properly dispose of the same.

(4) Within thirty (30) days of the date of this Judgment and Order, Devine shall remove the mooring pole placed in the Lake.

(5) Within forty-five (45) days of the date of this Judgment and Order, Devine shall remove any unauthorized materials or devices located on property owned by AmerenUE and contiguous to property owned by Devine, remove all logs that have fallen or may fall into the Lake, and take additional measures to prevent any further deterioration of the bank.

(6) Within forty-five (45) days of the date of this Judgment and Order, Devine shall reimburse AmerenUE for its costs in removing Devine's derelict houseboat and its component parts from the boat ramp and the Lake in the total amount of $5,082.99.

(7) At no time shall Devine impede or block navigation upon the Lake, impede or block access to personal or real property of others, or interfere with the rights of others to use and enjoy the Lake.

(8) Devine is prohibited from placing any dock or other structure on the Lake without first obtaining a valid permit from AmerenUE and complying with all requirements and restrictions imposed by AmerenUE.

(9) If Devine fails to comply with this Judgment and Order, AmerenUE is authorized to remove and dispose of all of Devine's boat docks, including Docks 1, 2, 3, and 4, and any other unauthorized structures placed by Devine on or in the Lake; to disconnect and remove all electrical lines, wires, supporting structures, connections, and other appurtenances; to remove the concrete pier from the Lake; to remove the mooring pole; to remove and dispose of Devine's debris, trash, foam, construction materials, dock parts, equipment, and other property from the Lake and from property lying within the boundary of the Osage Project; and to take whatever additional reasonable steps are necessary to clean up and restore the water, shoreline, and AmerenUE's property within the boundary of the Osage Project. Devine shall be responsible for all costs and expenses incurred in said removal, disposal, and restoration, including, but not limited to, the cost of storing the personal property of third parties that may be attached to or located on docks owned by Devine, and said costs, if incurred, shall be submitted to this court and, upon notice to Devine, shall be entered as a Judgment against Devine.

(10) Devine shall pay reasonable attorney fees to plaintiff, in an amount to be determined by the court at a later date.

It is further

ORDERED that within thirty days, plaintiff submit to the court an itemized statement of attorney fees and expenses.

Dated this 29th day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge